# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

NICHOLAS L. RUSK,

        Plaintiff,

      v.

DONALD J. TRUMP, MIKE JOHNSON, JIM JORDAN,

        Defendants.

Case No. 4:25-cv-00051-RRB

---

NICHOLAS LEON RUSK,

        Petitioner,

      v.

JUDGE CHRIS DOSCOTCH, DONALD JOHN TRUMP,

        Respondents.

Case No. 4:26-cv-00014-RRB

**<u>ORDER</u>**

Before this Court are the two above-captioned cases filed by self-represented litigant Nicholas Rusk ("Plaintiff"). He filed a Complaint on October 29, 2025,[1] and a Petition for Writ of Habeas Corpus on February 25, 2026.[2] He also filed an application to proceed without paying the filing fee in both cases. The Court has now screened Plaintiff's Complaint and Petition in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the

---

[1] Case No. 4:25-cv-00051-RRB, Docket 1 ("The Complaint").
[2] Case No. 4:26-cv-00014-RRB, Docket 1 ("The Petition).

reasons explained below, Plaintiff's cases cannot proceed in this Court. The Court also finds that allowing leave to file an amended complaint or an amended petition would be futile.[3] Therefore, both cases must be dismissed.

## DISCUSSION

### A. Screening Standard

Federal law allows a district court to conduct an initial screening of a civil complaint filed by a self-represented individual seeking to proceed without prepaying the filing fee.[4] In this screening, a district court shall dismiss the complaint at any time if the court determines that the complaint:

> (i)    is frivolous or malicious;[5]
>
> (ii)   fails to state a claim on which relief may be granted; or
>
> (iii)  seeks monetary relief against a defendant who is immune from such relief.[6]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and

---

[3] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because the defects in the complaint could not be cured by additional factual allegations); *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because plaintiffs failed to allege a viable legal theory).

[4] *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]"). *See also Denton v. Hernandez,* 504 U.S. 25, 30 (1992) (recognizing Congress's concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits").

[5] The term "frivolous" denotes a filing that is both baseless and made without reasonable and competent inquiry. *Townsend v. Holman Consulting Corp.,* 929 F.2d 1358 (9th Cir. 1990). Additionally, a claim may be deemed frivolous if the facts alleged are "clearly baseless," encompassing allegations that are fanciful, fantastic, and delusional. *Denton v. Hernandez,* 504 U.S. 25 (1992).

[6] 28 U.S.C. § 1915(e)(2)(B).

resolve all doubts in the plaintiff's favor.[7]  However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[8] Although, generally, the scope of review is limited to the contents of the complaint, a court also may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[9]  Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[10]

## B.    Matters of Judicial Notice

Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact."[11]  This Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."[12]

In this case, the Court takes judicial notice of the numerous complaints Plaintiff has

---

[7] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[8] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

[9] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).  Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact."  BLACK'S LAW DICTIONARY (12th ed. 2024); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[10] *Sprewell,* 266 F.3d at 988 (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[11] BLACK'S LAW DICTIONARY (12th ed. 2024).  *See also* Rule 201 of the Federal Rules of Evidence.

[12] *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (internal citations and quotation marks omitted).

filed in other federal courts. Plaintiff has filed more than two dozen cases since 2021 in Illinois alone. The Central District of Illinois reflects a total of 22 cases where Mr. Rusk is the plaintiff. Five of those cases were transferred from the Southern District of Illinois. The Southern District retained a sixth case. Other cases were transferred to the Central District of Illinois from the District of Oregon, the District of Alabama, and the Middle District of Tennessee.[13] In one Central District of Illinois case, Plaintiff sent a letter to the clerk indicating he also had filings in Seattle, Washington.[14] Meanwhile, the District of Columbia transferred a case filed by Mr. Rusk to the Northern District of Illinois,[15] where Plaintiff also pursued another case naming Donald Trump, Mike Johnson, and "51 Congress Republicans" as defendants.[16] In that Complaint, Plaintiff states: "I have shared this info to every district court in the country and now to the supreme court."[17]

Finally, the Court takes judicial notice of Central District of Illinois Judge Colleen Lawless's order of September 2, 2025, denying *in forma pauperis* status, finding that Plaintiff's "litigation history satisfies the threshold bar established by 28 U.S.C. § 1915(g)," also known as the "three-strikes rule,"[18] demonstrating his abusive litigation practices.

---

[13] Central District of Illinois case numbers 1:26-cv-01039-JEH, 1:26-cv-01053-CRL, and 3:25-cv-03186-MMM, respectively.

[14] Case No. 1:25-cv-01232-JEH, Docket 14.

[15] Northern District of Illinois Case No. 1:26-cv-01190.

[16] Northern District of Illinois Case No. 1:25-cv-13417.

[17] *Id*. at Docket 1.

[18] Central District of Illinois Case No. 1:25-cv-01357-CRL at Docket 9. The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(g). As it appears Plaintiff is not currently incarcerated, the rule does not apply to this case.

### C.    Complaint for Damages (Case No. 4:25-cv-00051-RRB)

The Complaint names Donald J. Trump and two members of congress, Mike Johnson and Jim Jordan, as defendants. The Complaint was filed on the form provided by the United States District Court for the Southern District of Illinois. The Court notes that Plaintiff filed a substantially similar Complaint (also against Donald Trump and members of congress) in the Central District of Illinois just two weeks earlier, on October 17, 2025.[19] That case was transferred to the Northern District of Illinois days before the District of Alaska case was filed. Both Complaints are handwritten on the same form, use the same blue sharpie, contain substantially the same defendants, and allege violations of the same federal statute, 18 U.S.C. § 241. Plaintiff subsequently has filed additional letters and notices with this Court further elaborating on his theories, many of which involve numerology and disclosing "secrets" to the Court.[20] Plaintiff takes issue with how the current administration has handled issues such as Medicaid, the "boarder wall," SNAP benefits, and the 2025 government shutdown. He seeks damages of ten billion dollars "to the state of Alaska."

Upon review, the Complaint provides no basis upon which the Court can establish it has personal jurisdiction over the named Defendants or could be considered a proper

---

[19] Northern District of Illinois Case No. 1:25-cv-13417 at Docket 1.
[20] Dockets 4, 6, and 11.

venue for this action.[21] Plaintiff resides in Illinois,[22] none of the Defendants reside in Alaska,[23] and none of the alleged events took place in Alaska. Additionally, 18 U.S.C. § 241 provides for *criminal penalties* "[i]f two or more persons conspire to injure, oppress, threaten, or intimidate any person . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States[.]" This is a criminal statute that does not give rise to civil liability.[24]

The Court finds that granting Plaintiff leave to file an amended complaint would be futile, as this Court lacks personal jurisdiction over Defendants, and 18 U.S.C. § 241 does not provide a private right of action. When a case is filed in the wrong venue, the district court in which the case is filed "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[25] However, Plaintiff already has brought this suit in Illinois, and he specifically requests that this case not be transferred back to Illinois.[26] Moreover, the Court finds that transferring this case

---

[21] *See, generally,* Fed. R. Civ. P. 12(b)(2) (federal district courts must have personal jurisdiction over the parties); 28 U.S.C. § 1391 (a civil action may be brought in a federal district court in which either the defendant resides or a substantial part of the events giving rise to the claim occurred).

[22] Plaintiff has filed four notices of change of address, Dockets 5, 8, 9, and 12, all located in Illinois. At Docket 12 he asks this Court to forward his change of address to several other federal courts where he has filed cases, including the United States Supreme Court.

[23] *See* Docket 1 at 2, indicating the addresses of Defendants as Washington, D.C., and "the U.S. Capital."

[24] *See Allen v. Gold Country Casino*, 464 F3d. 1044, 1048 (9th Cir. 2006).

[25] 28 U.S.C. § 1406(a). *See also Amity Rubberized Pen Co. v. Market Quest Group Inc.*, 793 F.3d 991, 996 (9th Cir. 2015) (explaining that "transfer will generally be in the interest of justice, unless it is apparent that the matter to be transferred is frivolous or was filed in bad faith.").

[26] Docket 1 at 5. The Northern District of Illinois case was dismissed on January 5, 2026, for failure to pay the filing fee. Docket 9.

to any federal court is not in the interest of justice because Plaintiff's claims are frivolous.[27]

Therefore, the Complaint must be dismissed with prejudice.

**D.    Petition for Writ of Habeas Corpus (Case No. 4:26-cv-00014-RRB)**

The Petition names Judge Chris Doscotch[28] and Donald John Trump as Respondents.  Plaintiff states that he was convicted of "class 4 stalking" but that he has "a police report from the city of Peoria to show [he] was legal[l]y trying to locate my 20 year old missing blind son."[29]

Plaintiff states in his Petition before this Court that he is serving a 30-month sentence in Peoria, Illinois, for "Class 4 stalking" in case number 2025-CF-184 in the Circuit Court for Tazewell County, Illinois.[30]  But, Mr. Rusk already had filed a Petition for Writ of Habeas Corpus related to case number 2025-CF-184.  He filed it in the District of Oregon on January 20, 2026, and the District of Oregon transferred the case to the Central District of Illinois.  District Judge Jonathan E. Hawley subsequently issued a dispositive order on February 27, 2026, two days after Mr. Rusk filed his Petition before this Court.[31]  Judge Hawley found Plaintiff's claims "unintelligible and unexhausted."  He explained that Plaintiff filed his habeas petition before his guilty plea and sentence, and

---

[27] *See Amity Rubberized Pen Co. v. Market Quest Group Inc.,* 793 F.3d 991, 996 (9th Cir. 2015) (explaining that "transfer will generally be in the interest of justice, unless it is apparent that the matter to be transferred is frivolous or was filed in bad faith."); *Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (holding a court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional").

[28] The Court takes judicial notice that Judge Doscotch is a state court Circuit Judge in the 10th Judicial Court of Illinois.

[29] Case No. 4:26-cv-00014-RRB, Docket 1.

[30] Docket 1.

[31] Central District of Illinois Case No. 1:26-cv-1039-JEH at Docket 8.

accordingly he could not possibly have exhausted his state court remedies.[32]  Moreover, Judge Hawley noted that Mr. Rusk did not name a proper respondent, specifically "the person having custody of the person detained," citing 28 U.S.C. § 2243.

Plaintiff's Petition before this Court must be dismissed for several reasons.  In addition to the reasons identified by Judge Hawley, district courts are limited to granting habeas relief "within their respective jurisdictions."[33]  In other words, a habeas corpus petition generally must be filed in the judicial district where the habeas petitioner physically is in custody.[34]  Ultimately, the District of Alaska has no jurisdiction over this matter because Plaintiff is not housed in an Alaska correctional facility and is not on parole under the legal custody of the Alaska Department of Corrections.  The Court finds that transferring this case to Illinois would be futile, as it likely would be dismissed as duplicative of Judge Hawley's case.

**WARNING RE FUTURE FILINGS**

Under Rule 11 of the Federal Rules of Civil Procedure, when a party, including one who is self-represented, files a pleading with the Court, they certify "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances the claims, defenses, and other legal contentions are warranted by existing law or nonfrivolous argument" and "the factual contentions have evidentiary support."[35]

---

[32] "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

[33] 28 U.S.C. § 2241(a).

[34] *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).

[35] Fed. R. Civ. P. 11(b)(2–3).

Page 8 of 9

Plaintiff is cautioned that the continued filing of claims in the District of Alaska that Plaintiff knows, or should know, will be dismissed may result in the entry of a vexatious litigant order by this Court requiring prescreening of Plaintiff's filings in this forum.

Mr. Rusk appears to have no connection with the state of Alaska or its justice system. Accordingly, it is unlikely that this Court ever would be the appropriate forum for any complaints he may have.

**IT IS THEREFORE ORDERED:**

1. The above-captioned cases are **DISMISSED with prejudice**.

2. All pending motions are **DENIED as moot**.

3. Plaintiff must not file any future complaints for which he lacks a sufficient legal or factual basis.

4. The Clerk of Court shall issue final judgments and close both cases.

DATED this 1st day of April, 2026, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge
